# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 6, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| STEPHEN R. HUNT, | * | No. 21-1379V |
| | * | |
| Petitioner, | * | Special Master Young |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Richard H. Moeller*, Moore, Heffernan, et al., Sioux City, IA, for Petitioner
*Austin Joel Egan*, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 17, 2024, Stephen Hunt ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$91,988.04.** Pet'r's Am. Mot. Int. Attorneys' Fees & Costs at 1, ECF No. 53 [hereinafter "Am. Fees App."]. This amount consists of **$64,282.10** in fees and **$27,705.94** in expenses. Pet'r's Mot. Int. Attorneys' Fees & Costs, ECF No. 52 [hereinafter "Fees App."]. On August 6, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 55-1. In his response, Respondent stated that he would "defer[] to the Special Master as to whether [P]etitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." *Id.* at 3 n.2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

I.    **Procedural History**

On May 20, 2021, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2018); Pet., ECF No. 1. Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the pneumococcal conjugate ("Prevnar 13") vaccination on May 21, 2018. Pet. at 1–2, 4. The same day, he filed medical records along with an affidavit. ECF No. 1. Petitioner continued to file medical records on July 7, 2021, August 6, 2021, and August 25, 2021. ECF Nos. 7, 9, 11. On January 3, 2022, Petitioner filed additional medical records and his statement of completion. ECF Nos. 16, 18.

This case was referred to ADR with Special Master Gowen on June 3, 2022, which concluded over one month later, on July 12, 2022. ECF Nos. 27, 29

Respondent filed his Rule 4(c) report on September 14, 2022. ECF No. 31. Petitioner filed additional medical records on February 23, 2023. ECF No. 35. On March 13, 2023, Petitioner filed an expert report from Lawrence Steinman, M.D., and his curriculum vitae ("CV"). ECF No. 36. Petitioner filed medical literature on April 3, 2023. ECF No. 39. Respondent filed an expert report from Dara G. Jamieson, M.D., along with her CV and medical literature on August 3, 2023. ECF No. 41. An expert report from J. Lindsay Whitton, M.D., Ph.D, his CV, and medical literature were filed by Respondent on September 15, 2023. ECF No. 42.

Petitioner filed a responsive expert report from Dr. Steinman on December 11, 2023. ECF No. 44. Medical literature was filed by Petitioner on December 14, 2023. ECF No. 45. Respondent filed a supplemental expert report from Dr. Jamieson on March 29, 2024, along with medical literature. ECF No. 46. On May 8, 2024, Respondent filed a supplemental expert report from Dr. Whitton and medical literature. ECF No. 48. Petitioner filed a second responsive expert report from Dr. Steinman on July 2, 2024. ECF No. 50.

Petitioner filed his first motion for interim attorneys' fees and costs on July 17, 2024, and amended his motion the same day. ECF No. 52–53. On July 30, 2024, Petitioner filed a statement of personal costs. ECF No. 54. Respondent filed his response on August 6, 2024. ECF No. 55. Petitioner filed a reply to Respondent's response on August 20, 2024. ECF No. 57. This matter is now ripe for consideration.

II.   **Availability of Interim Attorneys' Fees and Costs**

   A. **Good Faith and Reasonable Basis**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2

was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been pending for almost four years, and an entitlement decision remains outstanding. Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner has submitted an itemization of attorney fees, summary and documentation of costs, an attorney affidavit, and statement of Petitioner's personal costs. *See generally* Pet'r's Exs. 98–101, ECF Nos. 52, 54. Petitioner's counsel has requested a total of **$91,988.04** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Am. Fees App. at 1. Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing

records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Richard H. Moeller, $341 per hour for work performed in 2020, $363 per hour for work performed in 2021, $379 per hour for work performed in 2022, $408 per hour for work performed in 2023, and $436 per hour for work performed in 2024; for Ms. Nikki K. Nobbe, $200 per hour for work performed in 2020; for Ms. Coyreen R. Weidner, $274 per hour for work performed in 2022, and $313 per hour for work performed in 2023; for Ms. Kaitlin T. Boettcher, $194 per hour for work performed in 2020, and $220 for work performed in 2021; and for Ms. Camille S. Brown, $125 per hour for work performed in 2021. Fees App. at 4–5.

Petitioner also requests the following rates for work of his counsel's paralegals: $95 per hour for work performed in 2020, $110 per hour for work performed in 2021, $125 per hour for work performed in 2022, $137 per hour for work performed in 2023, and $150 per hour for work performed in 2024. *Id.* He further requests compensation for "legal assistant/paralegal activities" performed by lawyer Jason B. Reynders: $100 per hour for work performed in 2023, and $100 per hour for work performed in 2024.[4] *Id.*

The undersigned has reviewed the hourly rates requested by Petitioner for the work of his counsel throughout the duration of this case. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case. *See, e.g. Lau v. Sec'y of Health & Hum. Servs.,* No. 19-1956V, 2025 WL 733369 (Fed. Cl. Spec. Mstr. Feb. 11, 2025); *Greer v. Sec'y of Health & Hum. Servs.,* No. 18-1953V, 2024 WL 1366362 (Fed. Cl. Spec.

---

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] Petitioner stated that "[t]his reflects that the services provided by the lawyer in this case may have been more akin to those of a paralegal or beginning lawyer." Fees App. at 5 n.1.

4

Mstr. Mar. 6, 2024); *Wilson v. Sec'y of Health & Hum. Servs.*, No. 19-705V, 2021 WL 1250816 (Fed. Cl. Spec. Mstr. Feb. 25, 2021).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Petitioner requests a total of **$64,282.10** for attorney fees. Fees App. at 1.

Upon review, I find the total hours expended on this matter to be reasonable. Petitioner submitted a comprehensive billing statement that provides detailed descriptions of the services rendered by counsel and paralegals. *See* Pet'r's Ex. 98. Petitioner has adequately explained that the time entries, including those reflecting interoffice communications or potentially duplicative billing, were necessary for the effective prosecution of the case and were further mitigated by discounted billing entries and the application of reduced hourly rates for services performed by Ms. Nobbe, Ms. Boettcher, Ms. Weidner, Mr. Reynders, and Ms. Jones. *See* Fees App. at 14. I agree with Petitioner's assessment. Here, the record entries accurately describe the nature and duration of the work performed, which appear to add value to this case. *P.S. v. Sec'y of Health & Hum. Servs.*, No. 16-834V, 2022 WL 16635456, at *19 (Fed. Cl. Spec. Mstr. Oct. 6, 2022) ("It is well-established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." (citing *Bell v. Sec'y of Health & Hum. Servs.*, 18 Cl. Ct. 751, 760 (Fed. Cl. 1989))); c*ompare Rayner v. Sec'y of Health & Hum. Servs.,* No. 13-417V, 2015 WL 2358086, at *5 (Fed. Cl. Spec. Mstr. Apr. 20, 2015) (reducing attorney fees after noting that petitioners' billing entries for interoffice meetings did "not appear to add value to the case.").

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested **$27,705.94** in total for costs. Am. Fees App. at 1.

Specifically, Petitioner requests $24,750.00 in costs related to Dr. Steinman's expert fees. Fees App. at 15. Dr. Steinman has completed forty-five hours of work in this case, billed at a rate of $550 per hour *Id.* Dr. Steinman's rate of $550 has been found reasonable and previously awarded in the Vaccine program. *Gardner v. Sec'y of Health & Hum. Servs.*, No. 17-1851V, 2023 WL 3775170, at *6 (Fed. Cl. Spec. Mstr. June 2, 2023) (approving $550.00 per hour for work performed by Dr. Steinman in 2020 and 2021); *Wilson-Noble v. Sec'y of Health & Hum. Servs.,* No. 21-1518V, 2024 WL 3665962, at *4 (Fed. Cl. Spec. Mstr July 11, 2024) (approving Dr. Steinman's hourly work rate of $550 per hour); *Morrison v. Sec'y of Health & Hum. Servs.*, No. 18-386V, 2024 WL 5297958, at *6 (Fed. Cl. Spec. Mstr. Dec. 2, 2024) (concluding that "Dr. Steinman's hourly rate of $550.00 has been approved by other special masters, and I see no reason to conclude otherwise.").

The additional incurred costs are from postage, photocopying, and medical record charges. Fees App. at 15; *see* Pet'r's Ex. 99. Therefore, I find that the requested costs are reasonable and should be awarded in full.

## IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner **$64,282.10** in interim attorneys' fees, plus **$27,705.94** in interim costs as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $64,282.10 |
| (Reduction) | -$0 |
| **Interim Attorneys' Fees Awarded** | **$64,282.10** |
| | |
| Interim Costs Requested | $27,705.94 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$27,705.94** |
| **Total Amount Awarded** | **$91,988.04** |

Accordingly, Petitioner is awarded attorneys' fees and costs in the total amount of **$91,988.04** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[5]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young<br>
Herbrina D.S. Young<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.